IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:25-cv-00280-MR

| | |
|---|---|
| JOSE A. RIOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| LESLIE COOLEY DISMUKES, ) | |
| Secretary, North Carolina ) | |
| Department of Adult Correction, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Jose A. Rios ("Petitioner") on April 25, 2025. [Doc. 1]. Petitioner has also filed an Application To Proceed In District Court Without Prepaying Fees Or Costs. [Doc. 2].

I.     **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina.[1] Petitioner was convicted on July 6, 2017, in Gaston County Superior Court of two counts of

---

[1] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1548344&searchOffenderId=1548344&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

second-degree murder. NCDAC Database at 2. Petitioner was sentenced to consecutive terms of 168 months to 214 months imprisonment. [Doc. 1 at 1]. Petitioner commenced this action seeking relief from an "A-24" (possession of weapon) prison disciplinary conviction he received while incarcerated at the Alexander Correctional Institution in March 2025. [Id.]. Petitioner requests the reversal of his disciplinary conviction, reinstatement of all good-time credits lost due to this conviction, and a refund of the $10.00 levied from his Inmate Trust Account. [Id. at 15].

## II. STANDARD OF REVIEW

Title 28, U.S.C. § 2254, applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. Under § 2254, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement. Preisier v. Rodriguez, 411 U.S. 475, 489 (1973).

A petitioner may proceed on a claim related to a prison disciplinary proceeding only to the extent that the disciplinary conviction increased the duration of the petitioner's custody. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the

very duration of ... physical confinement,' ... and thus lies at 'the core of habeas corpus[.]'") (quoting Preisier, 411 U.S. at 487-488). Inmates possess a protected liberty interest in the award of gain time and are entitled to "the minimum requirements of procedural due process" at disciplinary proceedings resulting in the loss of gain time. Wolff v. McDonnell, 418 U.S. 539, 557-558 (1974).

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A); Mallory v. Smith, 27 F.3d 991, 992 (4th Cir. 1994). "When a state prisoner challenges the length or duration of his confinement by alleging that certain good time credits were cancelled or denied pursuant to an unconstitutional process, and then seeks the restoration of those credits by way of a federal habeas petition, he must first exhaust his state remedies." Cannon v. Slagle, 2017 WL 1458205, *2 (W.D.N.C. April 24, 2017) (citing Todd v.

Baskerville, 712 F.2d 70, 72 (4th Cir. 1983)). When challenging a prison disciplinary conviction, the burden is on the Petitioner to show, if he can, that he has exhausted both his state administrative and judicial remedies.

The exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation and quotation marks omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citation and quotation marks omitted); Jones v. Sussex I State Prison, 591 F.3d 707, 712–13 (4th Cir. 2010) (same, quoting Baldwin).

In other words, if a convicted state inmate fails to identify and pursue a federal constitutional claim in state court post-conviction proceedings, the state court is deprived of the opportunity to evaluate the claim and the inmate thereby abandons the claim. Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995). Federal habeas review in this circumstance is inappropriate because the inmate's conviction in such a case is based on an "independent and adequate state ground" since no federal constitutional claim was ever

presented to or reviewed by the state courts.  Coleman v. Thompson, 501 U.S. 722, 729–30 (1991).

The Petitioner asserts that he has exhausted his state administrative remedies by appealing his disciplinary offense conviction to the Deputy Secretary of Institutions. [Doc. 1 at 5; Doc. 1-1 at 1].  Petitioner, however, has provided no evidence showing that that he sought judicial review of his federal habeas claims in state court before commencing this action.  Instead, Petitioner contends "N.C.R.Crim. / Civ. Proc. does [N]ot afford Appellate Process." [Doc. 1 at 5 (errors uncorrected)]. In making this statement, it appears the Petitioner has mistaken the state's procedural court rules for the substantive law of North Carolina permitting aggrieved inmates to institute judicial actions challenging prison disciplinary convictions. Exhaustion requires the prisoner to present his federal claim(s) in state court to give the state the opportunity to review and correct any alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365-366 (1995).

Because a prisoner seeking federal habeas relief to restore forfeited good-time credits is required to exhaust his state judicial remedies in addition to his state administrative remedies, and because Petitioner has failed to pursue any judicial post-conviction remedies, this exhaustion requirement has not been fulfilled.

## IV. CONCLUSION

The Court will dismiss the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and this action without prejudice. Further, the Court will deny as moot Petitioner's Application To Proceed In District Court Without Prepaying Fees Or Costs. [Doc. 2]. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED without prejudice.**

2. The Petitioner's Application To Proceed In District Court Without Prepaying Fees Or Costs [Doc. 2] is **DENIED as moot**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability.

4. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: March 9, 2026

Martin Reidinger
Chief United States District Judge

7

Case 3:25-cv-00280-MR   Document 3   Filed 03/09/26   Page 7 of 7